UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

CHOISEL BRICE MABIAMA

Petitioner,

v.

No. 6:26-CV-00138-H

WARDEN, EDEN DETENTION
CENTER,[1]

Respondent.

## ORDER

Petitioner Choisel Brice Mabiama, a self-represented immigrant detainee, filed a habeas petition to challenge his detention pending immigration proceedings. Dkt. No. 1. He also moved for expedited briefing and review of his petition on an emergency basis. Dkt. No. 3. As explained below, the Court denies his motion to expedite.

It is well established that a district court has inherent power to control its docket. *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005). This power authorizes the Court to choose the order in which to hear and decide pending matters. *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998). There is no statutory or constitutional right to the disposition of a habeas motion within a specific time. *See United States v. Samples*, 897 F.2d 193, 194 (5th Cir. 1990) (considering a motion to expedite a motion to vacate sentence under 28 U.S.C. § 2255). Section 1657 requires that courts expedite matters when good cause is shown. But this requirement is "relative, not specific." *Samples*, 897 F.2d at 194.

---

[1] The Clerk is directed to change the caption to reflect that the Warden of the Eden Detention Center is the only proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). All other named respondents will be terminated from this civil action.

Here, Petitioner asserts that he was detained on February 5, 2026. He states that he has not received a bond hearing or other individualized review. He contends that his continued detention will restrict his ability to prepare for his upcoming immigration hearing, which is scheduled for April 7, 2026.

Petitioner has been detained for less than two months. He has not shown good cause for expedited briefing or for the Court's consideration of his habeas petition before older matters. Thus, Petitioner's motion to expedite is denied. Dkt. No. 3. This habeas petition remains pending, and the Court will promptly enter a separate order requiring a response from the respondent and setting a schedule for briefing.

So ordered.

Dated April 6 , 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge

2