UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

CHOISEL BRICE MABIAMA,

        Petitioner,

v.

WARDEN, EDEN DETENTION
CENTER,

        Respondent.

No.  6:26-CV-00138-H

## **ORDER**

Petitioner Choisel Brice Mabiama, a self-represented immigrant detainee, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention in the Eden Detention Center pending removal proceedings.  Dkt. No. 1.  He seeks release from detention or an individualized bond hearing.

Respondent filed a response along with relevant records, urging the Court to deny the petition.  Dkt. Nos. 9, 10.  Respondent contends that Petitioner is subject to mandatory detention as an applicant for admission under 8 U.S.C. § 1225, so he is ineligible for release. And Respondent argues that Petitioner's detention pending his removal proceedings does not otherwise offend the Due Process Clause.

Petitioner did not file a reply.

The Court has reviewed Petitioner's pleadings and Respondent's response with the attached records.  Based upon the facts and the law set forth in Respondent's response and supported by the relevant records, the Court finds that Petitioner is not entitled to federal habeas relief.  The Court has consistently found, in cases indistinguishable from this one, that applicants for admission like Petitioner are properly detained without bond under

Section 1225(b)(2)(A), and that the Fifth Amendment does not require release under these circumstances.[1] Thus, the petition for writ of habeas corpus is denied, and this civil action is dismissed.

So ordered.

The Court will enter judgment accordingly.

Dated August 14, 2026.

JAMES WESLEY HENDRIX
United States District Judge

---

[1] *See, e.g., Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo*, 814 F. Supp. 3d 747; *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025). The Court also notes that a binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, Nos. 26-50183, 26-50219, & 26-50221, Dkt. Nos. 178-1, 199-1 (5th Cir. July 22, 2026). Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723–26 (N.D. Tex. 2026) (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)); *Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747, 759–60 (N.D. Tex. 2026).